# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRI MCCLURE, individually, and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | No. 4:19-CV-03272-RLW |
| ) | |
| eviCore healthcare MSI, LLC, ) ) | |
| Defendant. ) | |

## FINAL ORDER AND JUDGMENT

Upon consideration of the Plaintiff and Defendant's Joint Motion for Approval of Collective Action Settlement ("Joint Motion") (ECF No. 39), the Settlement Agreement and Release and the proposed Amended Complaint attached as Exhibits 1 and 2 to the Joint Motion ("Settlement Agreement"), including the Claim Form, General Release, and Notice to FLSA Collective Members attached to the Settlement Agreement as Exhibits A, B, and C, respectively, and good cause appearing,

**IT IS HEREBY ORDERED** that the Joint Motion for Approval of Collective Action Settlement (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that all capitalized terms in this Order not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file in this action her Amended Complaint attached as Exhibit 2 to the Joint Motion and that Plaintiff is directed to file her Amended Complaint in this action within three (3) days of the date of this Order;

The Court finds that the parties' FLSA collective action settlement, negotiated at arm's length by experienced counsel with the assistance of an experienced mediator, fairly and

reasonably resolves a bona fide dispute, in light of, among other things, the benefits accruing to members of the FLSA Collective, the time and effort expended by the Parties, and the complexity, risk, expense, and possible length of time of continued litigation, and accordingly meets the applicable standard for approval under 29 U.S.C § 216(b) as a fair and equitable resolution of a bona fide dispute.

**IT IS FURTHER ORDERED** that the Settlement Agreement attached as Exhibit 1 to the Joint Motion is approved as fair and reasonable;

For settlement purposes, the Court finds that members of the proposed settlement collective are "similarly situated" under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Members of the proposed FLSA Collective raise similar legal issues arising from a common policy or practice alleged to be unlawful under the FLSA. Fairness and procedural considerations, including the number of similarly situated employees covered by the settlement collective and the effectiveness of allowing them to join in the litigation to participate in a common settlement, also weigh in favor of collective action treatment.

**IT IS FURTHER ORDERED** that, having met the requirements under section 216(b) of the Fair Labor Standards Act, the following FLSA Collective is certified solely for purposes of settlement:

> **FLSA Collective**: The approximately 6,010 non-exempt clinical and non-clinical customer service representatives, physician support representatives, and consumer engagement representatives, excluding employees to the extent they worked in Department 1480, who were (1) primarily responsible for taking or making inbound or outbound calls, (2) assigned to one of Defendant's call centers in Colorado, Connecticut, Florida, Missouri, New York, South Carolina, and Tennessee, and (3) worked overtime during the period of December 13, 2016–September 30, 2020.

**IT IS FURTHER ORDERED** that Plaintiff Jerri McClure is designated the Class Representative of the FLSA Collective and that Jason Brown, Nicholas Colon, and Lotus Cannon, of the Brown, LLC, law firm, are appointed Class Counsel;

**IT IS FURTHER ORDERED** that the proposed service award for Plaintiff Jerri McClure is approved because it is reasonable and warranted based on the actions that this recipient took over the course of the litigation to protect and advance the interests of others to whom a substantial benefit has been conferred under the settlement;

**IT IS FURTHER ORDERED** that the Claim Form and Notice to FLSA Collective Members attached to the Settlement Agreement as Exhibits A and C, respectively (collectively referred to as "Notice") are approved as they are written in clear, concise, and easy to understand language, fairly and accurately explain to the members of the FLSA Collective the material terms of the proposed settlement, their legal rights, what they must to do to participate in the settlement, and otherwise comport with the requirements of due process;

**IT IS FURTHER ORDERED** that JND Claims Administration ("Claims Administrator") is appointed Claims Administrator under the Settlement Agreement and shall send the Notice to the FLSA Collective and, if the Court ultimately approves the Settlement, shall perform such other administrative services as set forth in the Settlement Agreement;

**IT IS FURTHER ORDERED** that, within seven (7) days of the date of this Order, Defendant shall provide to the Claims Administrator the names, the last known home address, social security numbers, and *pro rata* settlement shares for all individuals in the FLSA Collective;

**IT IS FURTHER ORDERED** that, within seventeen (17) days of the date of this Order, the Claims Administrator shall send notice, in substantially the form of the Notice, and in

accordance with the Settlement Agreement, to the members of the FLSA Collective by first-class mail with a pre-paid return envelope to the home addresses provided to it by Defendant;

**IT IS FURTHER ORDERED** that, within forty-five (45) days from the date the Claims Administrator mails the Notice, any member of the FLSA Collective who wishes to participate in the Settlement shall submit his or her Claim Form in this action in accordance with the terms set forth in the Notice;

**IT IS FURTHER ORDERED** that the Parties' negotiated agreement that plaintiffs' counsel receive as a reasonable attorney's fee one-third (33.3%) of the common fund recovered for the benefit of the FLSA settlement collective, plus reimbursement of their stipulated litigation costs, is approved. The reasonableness of this award of attorney's fees using the "percentage of the benefit" approach is supported by those factors often considered relevant in a common fund situation, including (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. The stipulated litigation costs appear reasonable and are of the kind and character typically reimbursed from a settlement fund;

**IT IS FURTHER ORDERED** that, without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be

4

necessary and appropriate for the construction and implementation of the terms of the Settlement Agreement;

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** in its entirety as against Defendant **with prejudice**, and without attorney's fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

**IT IS FURTHER ORDERED** that the parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order; and

**IT IS FINALLY ORDERED** that counsel for the Parties are authorized to jointly use all reasonable procedures in connection with the approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice that they jointly agree are reasonable or necessary.

Dated this 26th day of October, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**